# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00237-KDB-DCK

| | |
|---|---|
| **MOHAMAD ALI HARIRI,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ARIENTE SIMONE WILLIAMS, AND ALLSTATE INSURANCE COMPANY,** | |
| **Defendants.** | |

In 2022, Ariente Williams rear-ended Plaintiff Mohamad Hariri, totaling his vehicle and impairing his ability to earn income as a Lyft driver. Hariri initiated this action asserting numerous state law claims against Defendants arising from the collision. Now before the Court are Hariri's Motions for Default Judgment (Doc. Nos. 21, 30) as to Defendants Allstate Insurance Company ("Allstate") and Ariente Simone Williams ("Williams"), Allstate's Motion to Set Aside Entry of Default (Doc. No. 25), and Williams' Motion to Set Aside Entry of Default and for Extension of Time to Answer the Amended Complaint (Doc. No. 28). The Court has carefully considered these motions and considered the parties' filings in support and in opposition to them. For the reasons discussed below, the Court will **GRANT** Defendants' Motions and **DENY** as Moot Plaintiff's Motions for Default Judgment.

## I. BACKGROUND

In 2022, Defendant Williams rear-ended Plaintiff Mohamad Hariri while Hariri was working as a Lyft driver and transporting a passenger. Amended Complaint (Doc. No. 9) at ¶¶ 1–

1

2. The collision totaled Hariri's vehicle and damaged several others. *Id.* at ¶ 2. Williams admitted fault, and her insurer, State Farm, allegedly offered Hariri $27,000 for the vehicle loss. *Id.* at ¶ 3. Hariri accepted the offer but contends that State Farm later rescinded it without providing a "written explanation." *Id.* Hariri then requested that State Farm release the vehicle, so he could remove it from the dealership where it was accruing storage fees. *Id.* at ¶ 4. Although State Farm allegedly agreed to release the vehicle, Hariri asserts that it reversed course, and the vehicle was ultimately relocated to a salvage yard. *Id.* at ¶ 5. Approximately forty days after the accident, Hariri claims State Farm ceased payment for his rental car, leaving him reliant on public transportation and unable to work for Lyft. *Id.* at ¶ 7.

Roughly six months after the collision, Hariri sent State Farm a demand letter. *Id.* at ¶ 8. He alleges that the letter prompted an offer of $3,000 for bodily injury, but no compensation for the totaled vehicle. *Id.* One month later, State Farm offered "the bodily injury policy limits," which Hariri accepted. *Id.* at ¶ 11. He contends, however, that the acceptance was compelled by financial duress and his obligation to support family overseas. *Id.* at ¶¶ 9–11. Nearly three years later, Hariri alleges that State Farm offered $18,000 for the vehicle, contingent upon his execution of a release that purportedly waived his right to sue. *Id.* at ¶ 12. Hariri declined the offer. *Id.*

Separately, Hariri contacted Allstate, Lyft's insurer, to inquire about underinsured motorist ("UIM") coverage. *Id.* at ¶ 14. However, Allstate denied him coverage because Hariri's personal insurance had lapsed. *Id.* In 2025, Hariri sought reconsideration, but Allstate again denied the claim. *Id.* at ¶ 15.

Hariri filed suit in April 2025 against Defendants Williams, State Farm, and Allstate, alleging negligence against Williams, and various state law claims against State Farm and Allstate. He amended his complaint on July 31, 2025, and subsequently moved for entries of default against

Williams and Allstate for failure to respond. *See* Doc. Nos. 16, 22. Hariri then moved for default judgment against both defendants. In response, Williams and Allstate filed motions to set aside default, which Hariri opposes. The motions are fully briefed and ripe for this Court's review.

## II.    DISCUSSION

Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). Courts have "a strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Id.* (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990)).

A. Whether the Movants have Meritorious Defenses

To set aside a default, "all that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Davis v. Univ. of N.C. at Greensboro*, No. 1:19CV661, 2022 WL 112192, at *2 (M.D.N.C. Jan. 12, 2022) (quoting *Carter v. City of High Point*, No. 1:17CV148, 2017 WL 4043751, at *3 (M.D.N.C. Sept. 12, 2017)) (additional citations omitted). The standard does not require proof by a preponderance of the evidence. *See J & J Sports Prods., Inc. v. Argueta*, No. 1:12cv1329, 2013 WL 5960859, at *2 (M.D.N.C. Nov. 7, 2013). Rather, the inquiry centers on whether there exists "some possibility that the outcome ... after a full trial will

3

be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citation modified) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983)).

Here both Allstate and Williams contend that Hariri signed a release upon accepting settlement funds from State Farm, thereby extinguishing any potential liability as to them. Allstate further asserts that, under North Carolina law, the liability of a UIM carrier is derivative of the tortfeasor's liability; thus, a release of the tortfeasor (Williams) operates to release the UIM carrier (Allstate). *See Spivey v. Lowery*, 116 N.C. App. 124, 446 S.E.2d 835 (1994). This defense satisfies the minimal threshold of "some possibility" of success on the merits. Accordingly, this factor weighs in favor of setting aside the defaults.

## B. Acted with Reasonable Promptness

Whether a party has acted with reasonable promptness must be considered in light of the specific facts and circumstances presented. *Superior Performers, Inc. v. Thornton*, No. 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020) (quoting *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982)) (internal quotations omitted). Allstate contends that service was effectuated on the North Carolina Department of Insurance ("NCDOI") on August 11, 2025. Doc. No. 26 at 7. While a defendant typically has twenty-one days to respond, insurers served through the NCDOI are afforded an additional twelve days under North Carolina law. *See* N.C. Gen. Stat. § 58-16-45. Thus, Allstate's responsive deadline extended to September 13, 2025. Because Hariri filed his Motion for Default on September 2, 2025–eleven days before Allstate's response was due–Allstate argues the motion was premature. The Court agrees. The timeline supports a finding of reasonable promptness and weighs in favor of setting aside the default as to Allstate.

4

Williams asserts that she was served on August 12, 2025, and promptly notified her insurer. *See* Doc. No. 22. However, her assigned counsel did not become aware of the service until September 9, 2025, four days after Hariri moved for default. *Id.* District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, thirty-two, and thirty-eight days after default was entered before attempting to set it aside. *See J & J Sports Prods., Inc. v. Casillas*, No. 1:12-CV-5, 2013 WL 784544, at *7 (M.D.N.C. Mar. 1, 2013); *United States v. $10,000.000 in United States Currency*, 2002 WL 1009734, *3 (M.D.N.C. Jan. 29, 2002); *Esteppe v. Patapsco & Back Rivers R.R. Co.*, 2001 WL 604186, *4 (D. Md. May 31, 2001); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001).

Here, Williams moved to set aside the default six days after its entry and just three days after counsel first appeared on her behalf. Considering the case law above, this response was reasonably prompt. Therefore, this factor weighs in favor of setting aside the default as to Williams.

## C. Personal Responsibility of Defaulting Party

In evaluating a party's responsibility for the entry of default, the Fourt Circuit directs courts to consider the "source of the default." *Davis*, 2022 WL 112192, at *4. Where the default arises from the party's own conduct–whether through action or omission–this factor weighs against setting it aside. *Id.* Here, neither Allstate nor Williams are the source of their respective defaults. As previously discussed, the default entered against Allstate was premature under the applicable statutory timelines. Williams promptly notified her insurer upon service and reasonably awaited counsel's response to the Amended Complaint. That response occurred six days after the default was entered and was accompanied by a request for additional time to answer. On these facts, the

5

responsibility for the default does not rest with either defendant. Accordingly, this factor weighs in favor of setting aside the defaults.

## D. Prejudice to Plaintiffs

Delay alone does not constitute prejudice sufficient to defeat a motion to set aside an entry of default. *Colleton*, 616 F.3d at 418 (citation omitted). Nor does the loss of a swift, default-based judgment amount to prejudice. *See Davis,* 2022 WL 112192, at *4 (citing *United States v. Manriques*, Nos. 1:10CR440-1, 1:13CV444, 2013 WL 5592191, at *5 (M.D.N.C. Oct. 10, 2013)). Instead, prejudice arises where delay impairs a plaintiff's ability to present evidence–such as the unavailability of a witness, the loss of records, or the obstruction of evidentiary presentation. *Lolatchy*, 816 F.2d at 952. Hariri contends that he will suffer "severe" prejudice if the defaults are set aside, citing "years" of prelitigation delay allegedly caused by the insurers' refusals to resolve his claim. *See* Doc. Nos. 37 at 5; 42. However, both Allstate and Williams note that Hariri himself waited more than two years before initiating this lawsuit, and that any additional delay would be minimal. Moreover, Hariri has not identified any evidentiary prejudice resulting from the delay. Accordingly, this factor supports setting aside the entries of default.

## E. History of Dilatory Action

Courts generally assess a party's history of dilatory conduct independently from the delay that precipitated the default itself. *Superior Performers*, 2020 WL 6060978, at *3 (citing *Colleton,* 616 F.3d at 418). Hariri asserts that Defendants' failures to respond reflect a broader pattern of bad faith and dilatory behavior. *See* Doc. No. 37 at 5; 42 at 6. The Court disagrees. Hariri's allegations focus primarily on conduct that occurred prior to the filing of this lawsuit, and on the delays that led to the entries of default. However, the prelitigation conduct at issue–namely, Allstate's denial of Hariri's claim for UIM benefits–does not, standing alone, constitute dilatory

behavior. Moreover, Hariri has not identified any post-filing conduct that would suggest a sustained pattern of delay or obstruction. In the absence of such a showing, this factor weighs in favor of setting aside the entries of default.

F. Availability of Sanctions Less Drastic

Lastly, while Hariri contends that nothing short of maintaining the defaults will suffice, the Court disagrees. Although Williams and Allstate allegedly failed to timely respond to the Amended Complaint, the record does not support the imposition of sanctions. As discussed above, each of the relevant factors under Rule 55(c) weighs in favor of setting aside the defaults. Allstate's default was entered prematurely, prior to the expiration of its statutorily extended response period under N.C. Gen. Stat. § 58-16-45. Williams acted with reasonable promptness once her counsel became aware of service and moved to set aside the default within days of entering an appearance. Further, there is no evidence of bad faith, willful disregard of court procedures, or a pattern of dilatory conduct following the initiation of this action. Nor has Hariri demonstrated any prejudice—such as evidentiary loss or impaired trial preparation—that would justify punitive measures. The Fourth Circuit has consistently emphasized that defaults are not favored and that disputes should be resolved on their merits whenever possible. *See Colleton,* 616 F.3d at 417. In this context, sanctions would be disproportionate to the conduct at issue and inconsistent with the equitable principles that guide the Court's discretion under Rule 55(c).

Accordingly, Allstate's Motion to Set Aside Entry of Default (Doc. No. 25) will be GRANTED. Williams' Motion to Set Aside Entry of Default and for Extension of Time to Answer the Amended Complaint (Doc. No. 28) will also be GRANTED. Allstate and Williams shall file their responses to the Amended Complaint within fourteen (14) days of this Order.

## III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendant Allstate's Motion to Set Aside Entry of Default (Doc. No. 25) is **GRANTED;**

2.  Defendant Williams' Motion to Set Aside Entry of Default and for Extension of Time to Answer the Amended Complaint (Doc. No. 28) is **GRANTED**;

3.  Plaintiff's Motions for Default Judgment (Doc. Nos. 21, 30) are **DENIED** as moot; and

4.  Defendants Allstate and Williams are directed to respond to the Amended Complaint within fourteen (14) days of this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 30, 2025

Kenneth D. Bell
United States District Judge

8