IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00237-KDB-DCK

| | |
|---|---|
| **MOHAMAD ALI HARIRI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ARIENTE SIMONE WILLIAMS AND ALLSTATE INSURANCE COMPANY,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants State Farm Mutual Automobile Insurance Company's ("State Farm") and Allstate Insurance Company's ("Allstate") Motions to Dismiss (Doc. Nos. 32, 57), Defendant Ariente Simone Williams' Motion for Judgment on the Pleadings (Doc. No. 61) and Plaintiff Mohamad Hariri's Motion for Leave to File Supplemental Pleading (Doc. No. 69). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** State Farm and Allstate's motions to dismiss and **DENY** Ms. Williams' and Plaintiff's motions. As a matter of North Carolina law, Plaintiff cannot assert statutory or unfair trade practices claims related to insurance settlement practices as a third party claimant. However, Plaintiff has plausibly alleged that his settlement agreement with State Farm was not intended to fully resolve his claims against Williams, State Farm's insured, so his claims against her for the portion of his claim not covered by the settlement / release may continue. Finally, Plaintiff's request to file a supplemental pleading

is untimely under Federal Rule of Civil Procedure 15(d) and would, in any event, be futile for the same reason his claims against the insurance companies must be dismissed.

## I. LEGAL STANDARD

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom*. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009).

Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In

resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. *Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). The court may consider the complaint, answer, motions and any materials attached to those pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Except for consideration of the answer, *see Alexander v. City of Greensboro*, 801 F. Supp 2d. 429, 433 (M.D.N.C. 2011), a motion for judgment on the pleadings is generally governed by the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure discussed above. *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *Shipp v. Goldade*, No. 5:19-CV-00085-KDB-DCK, 2020 WL 1429248, at *1 (W.D.N.C. Mar. 19, 2020). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgement as a matter of law. *Id.*

## II. FACTS AND PROCEDURAL HISTORY

On April 5, 2022, Plaintiff was involved in a motor vehicle accident in Charlotte, North Carolina, while operating a vehicle as a Lyft driver with a passenger onboard. (Doc. No. 9 (Amended Complaint) IV, ¶¶ 1–2). Plaintiff alleges Ms. Williams caused the rear-end collision, which totaled his vehicle. (*Id*. IV, ¶¶ 12). At the time of the alleged collision, Ms. Williams had liability coverage through State Farm and Plaintiff had insurance coverage through Lyft's insurer, Allstate. (*Id*. IV, ¶¶ 3, 14). Plaintiff's claims against State Farm and Allstate focus on the handling of his claims against their insureds following the accident.

Plaintiff alleges that State Farm admitted Williams' liability and agreed to pay $27,000 for the vehicle's total loss. (*Id*. IV, ¶ 3). However, that resolution was never consummated and disputes

arose regarding the release of his totaled vehicle, which he contends State Farm refused to release to him. (*Id*. IV, ¶¶ 4–5). Plaintiff also alleges issues with rental car coverage and the timing and amounts of other settlement offers. (*Id*. IV, ¶¶ 7–12). Plaintiff also promptly sought underinsured motorist ("UIM") coverage from Allstate, which Allstate denied. (*Id*. IV, ¶ 14).

Seven months after the accident, Plaintiff accepted State Farm's offer of its policy's bodily injury limits. (*Id*. IV, ¶ 11). Although it is not referenced in the Amended Complaint, Williams attached a release (the "Release") entered in connection with that payment to her Answer in support of an affirmative defense. The Release states, in part, that Plaintiff "fully and forever release and discharge [Ms.] Williams, who does not admit any liability to the undersigned but expressly denies any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind of nature whatsoever, and particularly on account of all injuries known and unknown, which have resulted or may in the future develop from an incident on or about the 5th day of April, 2022, at or near Independence Blvd & Eastway Dr & Briar Creek, Charlotte, NC." Doc 60-1. The Release further contains specific language related to liens or subrogated interests for medical treatment, attorneys' fees, etc. "for any bodily injury arising from the accident described above." There is no similarly specific reference to property claims or damages. *Id*.

The Parties dispute whether the Release was intended as a "general release" of all claims or only relates to claims for bodily injury. On this point, Plaintiff contends that State Farm's "post-release conduct" supports his position, including that "more than one year after the execution of the release" State Farm "reassigned a claims adjuster," instructed Plaintiff to direct future communications related to his "Total Loss claim" to the new adjuster and otherwise "continued handling the property-damage claim as open and unresolved." *See* Doc. No. 71 at 2-3. With respect to his property claim, the Amended Complaint ultimately alleges that State Farm extended a

settlement offer for property damage to Plaintiff's vehicle. Doc. No. 9, IV ¶ 12. Plaintiff refused, and, according to Plaintiff, no payment has been made for property damage. *Id*., IV ¶ 12.

On April 4, 2025, Plaintiff filed a complaint against Ms. Williams and State Farm. Doc. 1. On July 30, 2025, upon Plaintiff's Motion, this Court permitted Plaintiff to amend his complaint to add facts and to add Allstate as a defendant. Doc. 8. Plaintiff filed the Amended Complaint against Ms. Williams, State Farm, and Allstate on July 31, 2025. Doc. 9.

The Amended Complaint asserts a claim of negligence against Ms. Williams for alleged property damage, lost income, personal injury, and emotional distress. *Id*., V ¶ 4. As to State Farm and Allstate, the Amended Complaint asserts claims for violation of the Unfair Claims Practices Act (N.C. Gen. Stat. § 58-63-15(11)), violations of the Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1), bad faith, and declaratory judgment. *Id*., V 5.2, 5.3, 5.4, 5.6. The Amended Complaint also asserts a claim for constructive fraud against State Farm. Id., V 5.5. Plaintiff seeks compensatory damages and treble and punitive damages. *Id*., VI.

Plaintiff had a summons issued on April 30, 2025, that is addressed in the "To:" field solely to "CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, NC 27615." Summons, Doc. No. 5. The summons does not specifically identify State Farm as a defendant being served, nor does it identify an agent authorized to accept service on State Farm's behalf. *Id*. The proof of service indicates a summons was served for State Farm on the "NC Commissioner of Insurance" on August 2, 2025, rather than on CT Corporation System as identified in the summons. Doc. No. 11. There is no dispute that State Farm received prompt, actual notice of the Amended Complaint.

On December 16, 2025, Plaintiff filed a Motion for Leave to File a Supplemental Pleading, which State Farm opposes. Doc. Nos. 69, 74, 77. The Supplemental Pleading seeks to allege "new facts and misconduct" by State Farm that occurred "after the filing of the Amended Complaint"

pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Doc. No. 77. However, the proposed Supplemental Pleading alleges that the new facts occurred on or about April 7, 2025, and the Amended Complaint was filed on July 31, 2025. Doc. Nos. 9, 77.

All motions have been fully briefed and are ripe for the Court's ruling.

## III. DISCUSSION

### A. MOTIONS TO DISMISS (STATE FARM AND ALLSTATE)

State Farm and Allstate assert numerous grounds for their motions to dismiss,[1] primarily arguing that North Carolina law does not permit independent causes of action under the states' "unfair claims practices" statute or allow unfair trade practices or bad faith settlement claims by third parties prior to obtaining judgment against the adverse party. The Court agrees.

With respect to Plaintiff's claim under Section 58-63-15(11), the statute specifically states "no violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner[.]" N.C. Gen. Stat. § 58-63-15(11); *see Kenney Props., Inc. v. Philadelphia Indem. Ins. Co*., 665 F. Supp. 3d 752, 766 (E.D.N.C. 2022) ("[N.C. Gen. Stat. § 58-63-15(11)] provides no private cause of action"), *aff'd*, No. 22-1842, 2023 WL 8230508 (4th Cir. Nov. 28, 2023); *Elliott v. Am. States Ins. Co*., 883 F.3d 384, 396 (4th Cir. 2018). Instead of a private right of action, a violation of N.C. Gen. Stat. § 58-63-15(11) may be used to establish an unfair or deceptive act under the first element of a UDTP claim. *See Kenney*, 665 F. Supp. 3d at 766 ("In the insurance context, committing the acts or practices proscribed by N.C. Gen. Stat. § 58-63-15(11) is unfair and deceptive as a matter of law."); *Universal Underwriters Ins. Co. v.*

[1] For example, State Farm argues that the Court should dismiss Plaintiff's claims based on the absence of effective service on State Farm. The Court need not and does not reach the merits of these alternate grounds.

*Lallier*, 334 F. Supp. 3d 723, 737 (E.D.N.C. 2018) ("Although N.C. Gen. Stat. § 58-63-15(11) does not include a private cause of action, a plaintiff may obtain relief for violations of N.C. Gen. Stat. § 58-63-15(11) under N.C. Gen. Stat. § 75-1.1."); *Elliott*, 883 F.3d at 396 ("[T]he remedy for a violation of section 58-63-15 is the filing of a section 75-1.1 claim.") (citations and quotation marks omitted)). Therefore, Plaintiff cannot pursue an independent claim under N.C. Gen. Stat. § 58-63-15(11).

Plaintiff's UDTP claim under N.C. Gen. Stat. § 75-1.1 and bad faith insurance conduct claim also fail as a matter of law because North Carolina does not recognize a UDTP claim by a third-party against the insurance company of an adverse party until the third-party obtains a judgment against the insured. *Wilson v. Wilson*, 121 N.C.App. 662, 665 (1996). In *Wilson*, the plaintiff was injured by her husband's alleged negligence while driving an automobile. 121 N.C. App. at 663. She brought a negligence claim against her husband and a UDTP claim against his liability insurance carrier after the plaintiff "rejected [a settlement offer from the insurer] as inadequate." *Id.* The Court of Appeals ruled that the plaintiff could not pursue the UDTP claim as such a claim "may not be asserted by a third-party claimant against the insurer of an adverse party." *Id.* at 665. The same rule applies to bad faith claims. *Craven v. Demidovich*, 172 N.C. App. 340, 341–43 (2005) (plaintiff's suit against defendant's liability insurer on theories of bad faith and UDTP based on the insurer's "refusal to timely adjust his claim[]" prohibited based on the rule that third-party adverse claimants cannot sue under the insurance policy of another).

The Court of Appeals has explained its holding in *Wilson* as follows: "[i]n *Wilson*, we established the rule, that when 'plaintiff is neither an insured nor in privity with the insurer ... a private right of action under N.C.G.S. § 58–63[–]15 and N.C.G.S. § 75–1.1 may not be asserted by a third-party claimant against the insurer of an adverse party.' " *Murray v. Nationwide Mut.*

*Ins. Co.*, 123 N.C. App. 1, 14–15 (1996). Further, the *Wilson* court reasoned that "allowing such third-party suits against insurers would encourage unwarranted settlement demands, since [the] plaintiffs would be able to threaten a claim for an alleged violation of [N.C. Gen. Stat.] § 58-63.15 in an attempt to extract a settlement offer." *Wilson*, 121 N.C. App. at 666; *Nash Hosps., Inc. v. State Farm Mut. Auto. Ins. Co*., 254 N.C. App. 726, 733–34 (2017).

Here, all of Plaintiff's UDTP, bad faith and constructive fraud claims against the insurers arise out of prejudgment allegations of unfair settlement conduct towards Plaintiff as a third-party. Therefore, they are barred by *Wilson* and its progeny.

Finally, Plaintiff's Declaratory Judgment claim against State Farm and Allstate must also be dismissed. To the extent the claim relates to the Release that issue is ultimately between Plaintiff and Williams as discussed below rather than directly against State Farm. And, with respect to Plaintiff's request to rule that he has UIM coverage from Allstate, that claim is not yet ripe because the limits of the underlying insurance have not been exhausted, which is necessary for that coverage to apply. Specifically, Plaintiff alleges that only his "bodily injury" claim has been settled – and he has challenged that payment as coercive. Thus, the limits of the underlying insurance have not been exhausted based on Plaintiff's allegations. *See* N.C. Gen. Stat. § 205279.21(b)(4); *Lunsford v. Mills*, 367 N.C. 618, 27, 766 S.E.2d 297, 303 (2014).

**B. MOTION FOR JUDGMENT ON THE PLEADINGS (WILLIAMS)**

Williams' Motion for Judgment on the Pleadings is based on a single argument. She contends that Plaintiff's claims against her are barred by the Release that is the basis for the affirmative defense she asserted in her Answer. However, the Court cannot (and does not) reach the merits of that defense on a Rule 12(c) Motion. *See Goodman v. Praxair, Inc.*, 494 F.3d 458,

464 (4th Cir. 2007); *Demetry v. Lasko Prods., Inc.*, 284 F. App'x 14, 15 (4th Cir. 2008) (applying *Goodman* standard to Rule 12(c) motion).

As discussed above, documents referenced in the complaint and attached to a motion to dismiss may be considered when evaluating a motion to dismiss if they are "integral to and explicitly relied on in the complaint," *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). And the Court may consider the Answer in ruling on a motion for judgment on the pleadings. Still, a motion under Rule 12 is intended to test the legal adequacy of the complaint, not to address the merits of any affirmative defenses. Thus, an affirmative defense such as the execution of a release is typically not appropriately considered on a motion to dismiss. *See Garrett v. Cape Fox Facilities Servs.*, No. 1:19-CV-579, 2020 WL 265869, at *3 (E.D. Va. Jan. 17, 2020). Indeed, the Fourth Circuit has held that, only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman*, 494 F.3d at 464. Importantly, the Fourth Circuit has limited this exception to instances where all facts necessary to the affirmative defense "clearly appear [ ] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); *United States v. Valentine*, 751 F. Supp. 3d 617, 623 (E.D.N.C. 2024).

Here, the terms of the Release are not clear from the face of the Amended Complaint, because no specific terms are recited in that pleading and the Amended Complaint does not attach the Release. Further, to fall within the limited exception of addressing an affirmative defense on a motion to dismiss, the movant cannot merely show that the elements of the defense appear on the face of the complaint but must also "show that plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Goodman*, 494 F.2d at 466. As

explained above, Plaintiff disputes the scope and validity of the Release, based on the established law that a release may be invalid due to mutual mistake, fraud, misrepresentation or duress and that releases are enforced only if they are knowing and voluntary. *See Va. Impression Prods. Co. v. SCM Corp.*, 448 F.2d 262, 265 (4th Cir. 1971). Therefore, Plaintiff's complaint was not required to negate Williams' affirmative defense and the Amended Complaint does not clearly foreclose rejoinder to Plaintiff's affirmative defense. *See, e.g., Alexander v. UIP Property Mgmt.*, No. 14-cv-2469, 2015 WL 1472004, at *3 (D. Md. Mar. 30, 2015). Accordingly, Williams' Motion for Judgment on the Pleadings based on the Release must be denied without prejudice to Williams raising the defense at Summary Judgment.

### C. PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL PLEADING

The final motion before the Court is Plaintiff's motion to file a Supplemental Pleading under Federal Rule of Civil Procedure 15(d). That motion must be denied for two independent reasons. First, as noted above, the pleading seeks to add facts that arose before, not after, Plaintiff's Amended Complaint and thus does not qualify under Rule 15(d). Second, the additional alleged wrongful conduct reflects a third party claim against an insurer's settlement behavior and is precluded for the same reasons described above. Accordingly, there are no appropriate grounds to permit the filing of the proposed pleading.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants State Farm's and Allstate's Motions to Dismiss (Doc. Nos. 32, 57) are **GRANTED**;
2. Defendant Williams' Motion for Judgment on the Pleadings (Doc. No. 61) is **DENIED**; and

3. Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. No. 69) is **DENIED;** and
4. This case shall proceed towards trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 3, 2026

Kenneth D. Bell
United States District Judge