IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00237-KDB-DCK

| | |
|---|---|
| **MOHAMAD ALI HARIRI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARIENTE SIMONE WILLIAMS,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Ariente Simone Williams' Motion for Summary Judgment (Doc. No. 94) and pro se Plaintiff Mohamad Ali Hariri's Motion for Partial Summary Judgment (Doc. No. 95). The Court has carefully considered these Motions, the Parties' briefs and exhibits, and oral argument on the Motions from Plaintiff and Defendant's counsel on November 17, 2026. Because the Court finds that neither Party is entitled to judgment as a matter of law and a reasonable jury could resolve the disputed material facts in favor of either of the Parties, the Court will **DENY** both Motions as discussed below.

## I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land*, 36 F.4th at 252. "A fact is material if it might

affect the outcome of the suit under the governing law." *Id.* (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021) (quoting *Anderson*, 477 U.S. at 247-48) (emphasis in *Anderson*). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *8.929 Acres of Land*, 36 F.4th at 252 (first quoting Fed. R. Civ. P. 56(c)(1)(A) then quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *See Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the

evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (citation modified). "When cross-motions for summary judgment are submitted to a district court, each motion must be considered individually, and the facts relevant to each must be viewed in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003).

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed. 1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## II. FACTS AND PROCEDURAL HISTORY

On April 5, 2022, Plaintiff was involved in a motor vehicle accident in Charlotte, North Carolina, while operating a vehicle as a Lyft driver with a passenger onboard. (Doc. No. 9 (Amended Complaint) IV, ¶¶ 1–2). Plaintiff alleges Defendant Williams caused the rear-end collision, which totaled his vehicle. (*Id.* IV, ¶¶ 12).

At the time of the alleged collision, Ms. Williams had liability coverage through State Farm and Plaintiff had insurance coverage through Lyft's insurer, Allstate. (*Id.* IV, ¶¶ 3, 14). Seven months after the accident, Plaintiff accepted State Farm's offer, which equaled the limit of the policy's bodily injury amount. (*Id.* IV, ¶ 11). In connection with that December 2022 payment of $30,000, Plaintiff executed a Release (the "Release"). The Release states, in part, that Plaintiff "fully and forever release and discharge [Ms.] Williams, who does not admit any liability to the

undersigned but expressly denies any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind of nature whatsoever, and particularly on account of all injuries known and unknown, which have resulted or may in the future develop from an incident on or about the 5th day of April, 2022, at or near Independence Blvd & Eastway Dr & Briar Creek, Charlotte, NC." (Doc 60-1). The Release further contains specific language related to liens or subrogated interests for medical treatment, attorneys' fees, etc. "for any bodily injury arising from the accident described above." There is no similarly specific reference to property claims or damages. *Id*. The Parties dispute whether the Release was intended as a "general release" of all claims or only relates to claims for bodily injury.

With respect to his property claim, the Amended Complaint alleges that State Farm extended a settlement offer for property damage to Plaintiff's vehicle. (Doc. No. 9, IV ¶ 12). Plaintiff refused, and, according to Plaintiff, no payment has been made for property damage. *Id*., IV ¶ 12. Plaintiff alleges that State Farm admitted Williams' liability and agreed to pay $27,000 for the vehicle's total loss. (*Id*. IV, ¶ 3). However, that resolution was never consummated and disputes arose regarding the release of Plaintiff's totaled vehicle, which he contends State Farm refused to release to him. (*Id*. IV, ¶¶ 4–5). Plaintiff also alleges issues with rental car coverage and the timing and amounts of other settlement offers. (*Id*. IV, ¶¶ 7–12).

On April 4, 2025, Plaintiff filed a complaint against Ms. Williams and State Farm. (Doc. 1). The Complaint was later amended and Plaintiff's claims against the insurers State Farm and Allstate were dismissed in February 2026. *See* Doc. Nos. 9, 78. In that same Order, the Court denied Williams' Motion for Judgment on the Pleadings. (Doc. No. 78). Thus, Plaintiff's remaining claims, pursuant to a Second Amended Complaint, are a claim of negligence against Williams for alleged bodily injury, property damage, lost income, loss of use, and a claim seeking

a declaratory judgment to avoid, or alternatively, limit the Release. See Doc. No. 91. Plaintiff and Williams have now filed cross-motions for Summary Judgment, with Williams seeking a full judgment in her favor and Plaintiff seeking a "partial" judgment concerning Williams' "negligence and physical collision causation, the contributory-negligence defense, the Release's enforceability and scope, and the physical damage and asserted pre-collision fair-market value of his 2019 Cadillac XTS." (Doc. Nos. 64, 65).

The motions have been fully briefed, and the Court held oral argument on the Motions on November 17, 2026. The Motions are thus ripe for the Court's ruling.

## III. DISCUSSION

The resolution of the Parties' Motions primarily turns on the scope and enforceability of the Release. If the Release does not bar all of Plaintiff's claims then he may continue to pursue any claims that have not been released. If it is a complete release, then the case must end.

The Court finds that the Release only precludes Plaintiff's claims for bodily injury, as represented by State Farm, Defendant's insurer and agent. Specifically, before executing the Release, Plaintiff received an oral assurance from State Farm that the property-damage claim would remain separate (Doc. No. 95-11 at 00:02:09-00:02:19, 00:02:40-00:02:56). Indeed, Defendant candidly acknowledges the statements made by her insurer that the Release was limited to bodily injury. (Doc. No. 103 at 2). If the statements limiting the scope of the Release were in fact made—and there is no evidence that they were not made—then Defendant is equitably estopped from enforcing a broader scope for the release. *See Va. Impression Prods. Co. v. SCM Corp.*, 448 F.2d 262, 265 (4th Cir. 1971) (a release may be invalid due to mutual mistake, fraud, misrepresentation or duress and releases are enforced only if they are knowing and voluntary); *Simmons v. Accordius Health, LLC*, No. 1:20-CV-337-MOC-DCK, 2021 WL 706765, at *3

(W.D.N.C. Feb. 23, 2021) (analyzing the scope of a release as a matter of law). Therefore, Defendant's Motion for Summary Judgment will be denied to the extent that the Release may not be enforced beyond Plaintiff's claims for personal injury, which Plaintiff admits was the consideration for the Release.

The Court also declines to award summary judgment to Defendant on Plaintiff's remaining claims for property damage, lost income and loss of use. With respect to those claims, the Court finds that, although a jury may well conclude that Plaintiff's damages total less than $75,000, the jurisdictional amount in controversy is generally determined by reference to the plaintiff's complaint. *See JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). If, as here, the Amended Complaint in good faith alleges a sufficient amount in controversy, "[e]vents occurring subsequent" to the filing of the complaint "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). Therefore, it will be up to the jury to determine the value of Plaintiff's damages.

Finally, with respect to Plaintiff's Motion for Partial Summary Judgment, the Court will deny the Motion with respect to the amount of Plaintiff's damages and the scope of the Release to the same extent discussed above. Also, the issues of negligence and contributory negligence are disputed and must be determined by a jury. *See* Doc. No. 101 at 2-3. Therefore, Plaintiff's Motion for summary judgment in his favor will be denied.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 94) is **DENIED** to the extent described above;

2. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 95) is **DENIED**; and

3. This case shall proceed to trial on the merits of the remaining claims in the absence of a voluntary resolution of the dispute among the parties.[1]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 23, 2026

Kenneth D. Bell
United States District Judge

[1] The Parties are encouraged to attempt to reach a compromise resolution of their dispute. If the Parties believe it would be helpful, the Court will order another mediation prior to trial.